UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In re:  TERRACE HOUSING          :       Bankruptcy No. 15-13368REF
ASSOCIATES, LTD.,                :       Chapter 11
   Debtor                        :

# MEMORANDUM OPINION

## I. INTRODUCTION

Before me for disposition is Debtor's Motion Seeking Relief from Violation of the Automatic Stay (the "Stay Motion") by the United States Department of Housing and Urban Development ("HUD"). For the reasons and upon the discussion that follow, I find and conclude that the relief Debtor seeks is barred by, at least, the doctrine of laches. I will therefore deny Debtor's Stay Motion.

# II. **FACTUAL BACKGROUND**

Debtor was formed as a limited partnership under Colorado law on May 12, 1987. On May 12, 2015, Lisa M. Toth filed the Chapter 11 petition in this case on behalf of Debtor, which is a limited partnership. Ms. Toth is not a lawyer. Ms. Toth, acting in her capacity as General Partner Manager of Debtor, however, engaged in the unauthorized practice of law by attempting to represent Debtor.

At the time of the bankruptcy filing, Debtor owned Terrace Apartments, an apartment complex located in Oklahoma (the "Property"). HUD had initiated its attempt to sell the apartment complex and, before the petition date, had scheduled a non-judicial foreclosure sale of the Property. The sale had been scheduled to take place on May 13, 2015, the day after Ms. Toth filed Debtor's bankruptcy petition. HUD admits that it had notice of Debtor's bankruptcy filing and that it received and reviewed bids on the Property during the time that Debtor's bankruptcy case was pending.[1]

---

[1]    See HUD's Post-Hearing Memorandum, filed on October 4, 2017, at p. 9. Although HUD received bids from potential purchasers while Debtor's bankruptcy case was pending, it took no steps to advance the sale other than reviewing the bids it received. I have no evidence that HUD took any steps to sell the Property to the successful bidder until on or about September 15, 2015 (as presented without contradiction at ¶11 in Debtor's Motion). The sale date was well after the bankruptcy case had been dismissed. Debtor had no bankruptcy case pending at the time that HUD awarded the bid.

On June 2, 2015, I had ordered a show cause hearing during which Debtor was to show cause why this Chapter 11 bankruptcy case should not be dismissed because of Debtor's <u>pro se</u> status and failure to be represented by an attorney. Debtor failed to attend the show cause hearing. I therefore entered a bench Order dismissing this case on June 2, 2015, which was followed by a written Order that same day ratifying and affirming my bench Order and dismissing the case. On June 4, 2015, Debtor, by Ms. Toth and not by any attorney, filed a Motion To Extend Deadline To Secure Legal Counsel, which I denied as moot in an Order entered on June 5, 2015. On June 19, 2015, Debtor, again through Ms. Toth and not legal counsel, filed a Motion To Reconsider my June 2, 2015 dismissal Order. On June 22, 2015, I denied Debtor's Motion To Reconsider. This bankruptcy case was closed on July 14, 2015. Throughout its brief history in bankruptcy, Debtor never had legal representation.

Approximately two years later, on June 4, 2017, Debtor appeared through legal counsel and filed a Motion To Reopen this bankruptcy case so that it could pursue the Stay Motion[2] that is before me at this time. With no response being filed, I granted the Motion To Reopen on July 13, 2017, almost two full years after Debtor's case was dismissed. This bankruptcy case was then reopened for the sole purpose of litigating the Stay Motion. On June 28, 2017, HUD

---

[2]    Debtor filed the Stay Motion on June 5, 2017.

responded to the Stay Motion by filing an opposing brief. The parties then filed a Stipulation of Facts on August 23, 2017. Because this Stipulation did not resolve all disputed facts, I conducted a hearing on Debtor's Stay Motion on August 23, 2017, after which I scheduled a further briefing order. The last brief was filed on October 15, 2017, and the dispute is now ready for disposition.

# III. DISCUSSION

## A. The evidence establishes that Debtor's status as a Colorado limited partnership was never officially dissolved and Debtor therefore arguably had the capacity to file and prosecute the Stay Motion.

HUD first maintains that the Stay Motion must be denied because Debtor's status was that of a dissolved limited partnership on the date Debtor filed the Stay Motion.[3] As a result, HUD argues that Debtor lacked capacity to file the Stay Motion.

HUD presented and had admitted into evidence a document titled "Statement of Dissolution Limited Partnership." This Statement appears on its face to have been filed with the Colorado Department of State on behalf of Debtor on August 5, 2015, by David Jones. The Statement of Dissolution does not indicate Mr. Jones' affiliation with Debtor and is not signed by Mr. Jones. Ms. Toth testified that she purchased David Jones' interest in Debtor and that Mr. Jones lacked authority to dissolve Debtor on August 5, 2015. Ms. Toth further testified that she knew nothing about any such Statement of Dissolution until HUD

---

[3]   Although HUD now appears to argue that the standing issue also applied to Debtor's Motion To Reopen, HUD failed to assert such a defense and I granted the Motion To Reopen on July 13, 2017. HUD continues to argue that the Motion To Reopen was improperly filed, but HUD's arguments relating to the Motion To Reopen are moot and of no account.

referenced it in a draft of the parties' stipulation of facts. She also testified that no one, other than herself, had authority to file documents regarding Debtor's status with the State of Colorado.

When she learned about the Statement of Dissolution, Ms. Toth contacted the Colorado Secretary of State and obtained a Certificate of Fact of Existence. This Certificate, dated August 19, 2017, was signed and sealed by the Colorado Secretary of State and was admitted into evidence. In this Certificate, the Colorado Secretary of State certifies that Debtor formed a Colorado limited partnership on May 12, 1987, and that the Secretary of State's records indicate that a dissolution document has not been filed.

A conflict therefore exists between the Statement of Dissolution produced and relied upon by HUD and the Certificate of Fact of Existence produced and relied upon by Debtor. Upon even cursory inspection, however, the Statement of Dissolution is neither signed nor certified by the Colorado Secretary of State and is not affixed with the Colorado state seal.[4] In addition, the Statement of Dissolution is not signed by Mr. Jones and fails to indicate Mr. Jones'

---

[4] Ms. Toth pointed out in her testimony that the only seal affixed to the Statement of Dissolution is the seal belonging to HUD.

relationship to Debtor. Furthermore, HUD failed to produce any evidence to explain the circumstances surrounding the filing of the Statement of Dissolution.

The Certificate of Fact of Existence, on the other hand, is signed and certified by the Colorado Secretary of State and is affixed with the Colorado state seal. In the Certificate of Fact of Existence, the Colorado Secretary of State certifies that their "records indicate that a dissolution document has not been filed." In addition, Ms. Toth testified not only about the circumstances surrounding the production of the Certificate of Fact of Existence, but also about the relationship of David Jones to Debtor and how he lacked authority to dissolve Debtor in August 2015. This is the only testimony presented concerning the two Colorado documents and Mr. Jones' authority to dissolve Debtor. Without more, I cannot conclude that the Colorado Secretary of State's August 19, 2017 certification that the Secretary of State's "records indicate that a dissolution document has not been filed" is erroneous.[5] I therefore find and conclude that Debtor, as a Colorado

---

[5] Perhaps, as counsel for Debtor opines in his first brief, the Statement of Dissolution was never in fact filed, or was deemed by the Colorado Secretary of State to be insufficient or ineffective to dissolve Debtor as a limited partnership in Colorado. This, of course, is conjecture and presents an issue that cannot and need not be resolved on the record before me. Suffice to say that the evidence before me establishes that, in the eyes of the Colorado Secretary of State, Debtor, a Colorado limited partnership, has not been dissolved and was not dissolved when Debtor filed and prosecuted the Stay Motion.

limited partnership, was never officially dissolved. Debtor had the capacity to file the Stay Motion.[6]

I must also note another unproven issue. Debtor appears to own the Property in Oklahoma and is registered to do business in Colorado. But Debtor has shown no property in Eastern District of Pennsylvania. It may be that Debtor does have property in this District, but I dismissed its case before it could file the necessary schedules to reflect such ownership. It may also be that Ms. Toth's home in Macungie constituted an official office or place of business of Debtor. In any event, I assume for the purposes of this matter that venue in Eastern District of Pennsylvania was and remains proper.

## B. Debtor's claim for damages under 11 U.S.C. §362(k) is time-barred by the doctrine of laches.

Debtor filed this Chapter 11 petition on May 12, 2015, to stop a non-judicial foreclosure sale by HUD that was scheduled to begin on May 13, 2015. HUD concedes that although it waited until after Debtor's bankruptcy case was dismissed to actually transfer the Property to the successful bidder, it received bids from potential purchasers after May 13, 2015. HUD received and reviewed the

---

[6] Debtor also introduced and had admitted into evidence a Certificate of Reinstatement issued by the Oklahoma Secretary of State. Debtor offered no compelling testimony about the dual certification. I agree with HUD that the Oklahoma document is of little relevance to the question before me, which is the status of Debtor as a limited partnership under Colorado law as of the date Debtor filed the Stay Motion.

bids while this bankruptcy case was pending. HUD took no other steps to foreclose on Debtor's Property. Debtor's bankruptcy case was dismissed after only three weeks, on June 2, 2015. HUD sold the Property to the successful bidder on September 15, 2015, when Debtor had no bankruptcy case pending. Debtor waited more than two years after the alleged stay violation occurred to file its Motion To Reopen, on June 4, 2017, and the Stay Motion on June 5, 2017. HUD argues, and I agree, that Debtor's delay in filing these Motions and the concomitant prejudice that HUD would suffer renders the Stay Motion time-barred under the doctrine of laches.

Both parties agree that the Bankruptcy Code does not contain a statute of limitations within which actions for damages for violation of the automatic stay under 11 U.S.C. §362(k) must be filed. I look, therefore, to the equitable[7] doctrine of laches to determine if Debtor's section 362(k) demand is time-barred. See Adams v. Hartconn Assocs., Inc. (In re Adams), 212 B.R. 703, 711-12 (Bankr. D. Mass. 1997)(debtor is time-barred by the doctrine of laches from pursuing a claim for damages for violation of the automatic stay because debtor waited nineteen

---

[7]   This Court has and may exercise strong equitable powers through Section 105(a)(1):
  The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.
11 U.S.C. §105(a).

months to file a motion to reopen); Nelson v. Post Falls Mazda (In re Nelson), 159 B.R. 924, 925 (Bankr. D. Idaho 1993)(laches is an appropriate defense to an action seeking damages for violation of the automatic stay, particularly when the action is commenced after the bankruptcy case has been dismissed).

"It is hornbook law that laches consists of two essential elements: (1) Inexcusable delay in instituting suit; and (2) prejudice resulting to the defendant from such delay." University of Pittsburgh v. Champion Products, Inc., 686 F.2d 1040, 1044 (3d Cir. 1982); see also Pappan Enter., Inc. v. Hardee's Food Sys., Inc., 143 F.3d 800, 804 (3d Cir 1998).

Debtor waited more than two years from the date of the alleged stay violation and two years from dismissal of its bankruptcy to file its Stay Motion. Debtor offered no excuse whatsoever for this delay. HUD was clearly prejudiced by Debtor's delay because it relied on Debtor's apparent acquiescence in the sale and waited until Debtor's bankruptcy case was dismissed to actually sell the Property to the successful bidder on September 15, 2015. HUD cannot undo the sale of Debtor's Property. Had Debtor raised the stay violation issue in a prompt fashion, HUD could have minimized or avoided its exposure to Debtor's claim. HUD may have decided not to proceed with the sale without first resolving Debtor's stay violation claim. HUD could have obtained a protective order granting it relief from the stay. HUD could have sought a nunc pro tunc order

grating it retroactive relief from the stay. HUD could have taken other steps to protect itself in some other fashion. Instead, HUD relied on Debtor's silence and apparent acquiescence with the sale. HUD moved forward with active steps to sell the Property to the successful bidder only after Debtor's bankruptcy case was dismissed and closed.

Based on the record before me, I find that: (1) Debtor exhibited inexcusable delay in filing its Stay Motion; and (2) prejudice would result to HUD as a result of Debtor's Stay Motion in the face of Debtor's inexcusable delay. For these reasons, I find that Debtor is precluded by the doctrine of laches from prosecuting the Stay Motion.[8]

---

[8] Because Debtor is time-barred by laches from prosecuting its Stay Motion, I do not address the merits of the Stay Motion. To do so would run afoul of the rule prohibiting the entry of advisory opinions. See In re Lazy Days' RV Center, Inc., 724 F.3d 418, 422 (3d Cir. 2013)("Federal courts have no jurisdiction to render advisory opinions. Put another way, they 'may not decide questions that cannot affect the rights of litigants in the case before them or give opinions advising what the law would be upon a hypothetical state of facts.'" Chafin v. Chafin, 568 U.S. 165, 172 (2013). Because I find that Debtor's section 362(k) claim is time-barred by laches, a ruling on whether HUD's conduct violated the automatic stay cannot affect the rights of the parties in the case before me and would therefore constitute an improper advisory opinion.
   This is so despite the quite viable defense HUD advanced based upon Section 362(b)(8):
   The filing of a petition under . . . this title . . . does not operate as a stay -- . . . of the commencement of any action by the Secretary of Housing and Urban Development to foreclose a mortgage . . . in any case in which the mortgage . . . held by the Secretary is insured or was formerly insured under the National Housing Act and covers property, or combinations of property, consisting of five or more living units . . . .
   11 U.S.C. §362(b)(8).

# IV. **CONCLUSION**

For the reasons set forth above, I find and conclude that (1) Debtor had the capacity to file the Stay Motion because its status as a Colorado limited partnership was never dissolved, (2) ignoring Debtor's inexcusable delay in filing the Stay Motion would result in tremendous prejudice to HUD, such that Debtor is now time-barred from prosecuting the Stay Motion by the doctrine of laches. I shall therefore enter an Order denying Debtor's Stay Motion.

An appropriate Order follows.

Date: November 22, 2017                         BY THE COURT

                                                _____
                                                RICHARD E. FEHLING
                                                United States Bankruptcy Judge